

MICHAEL W. BRIMLEY, ESQ.
Nevada Bar No. 3684
DALE B. RYCRAFT JR, ESQ.
Nevada Bar No. 7165
**PEEL, BRIMLEY & SPANGLER**
701 N. Green Valley Parkway, Suite 220
Henderson, Nevada 89074-6178
(702) 990-7272
Attorneys for
TERRACON CONSULTANTS WESTERN, INC.;
TERRACON, INC.; MARK J. OWENS;
and JAMES E. MCNUTT

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| MANDALAY RESORT GROUP, fka CIRCUS CIRCUS ENTERPRISES, INC., a Nevada corporation; MANDALAY DEVELOPMENT, fka CIRCUS CIRCUS DEVELOPMENT CORP., a Nevada corporation; and MANDALAY CORP., a Nevada corporation,<br><br>Plaintiffs,<br><br>v.<br><br>TERRACON CONSULTANTS WESTERN, INC., an Iowa corporation; TERRACON, INC. an Iowa corporation; MARK J. OWENS, an individual; JAMES E. MCNUTT, an individual; and DOES 1 through 50, inclusive,<br><br>Defendants. | CASE NO.:<br><br>**PETITION OF REMOVAL OF CIVIL ACTION**<br><br>CV-S-04-1488-RCJ-PAL |

**TO: THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEVADA**

Defendants TERRACON, INC. (incorrectly identified above as Terracon Consultants Western, Inc., hereinafter "TWC"), MARK J. OWENS and JAMES E. MCNUTT (collectively "Defendants") petitions for the removal of this action to the United States District Court, and, in support thereof, states as follows:

1. On September 30, 2004, an action was commenced in the District Court, State of Nevada, in and for the County of Clark, entitled MANDALAY RESORT GROUP, fka CIRCUS CIRCUS ENTERPRISES, INC., a Nevada corporation; MANDALAY

DEVELOPMENT, fka CIRCUS CIRCUS DEVELOPMENT CORP., a Nevada corporation; and MANDALAY CORP, Plaintiffs v. TERRACON CONSULTANTS WESTERN, INC., an Iowa corporation; TERRACON, INC. an Iowa corporation; MARK J. OWENS, an individual; JAMES E. MCNUTT, an individual, Defendants, Case No. A492902. A true copy of the Complaint is attached hereto as Exhibit A.

2. The first date upon which Defendant Terracon received a copy of said Complaint was October 14, 2004. The thirty-day tolling period for removal does not begin to run until a party has received a copy of the Complaint and been properly served. *See Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999). Therefore, this Notice of Removal is timely filed under 28 U.S.C. § 1446(b).

3. At the time of filing the Complaint, Defendant Terracon was, and still is, a Corporation under the laws of the State of Iowa, having its principal place of business in the State of Iowa.

4. Defendant Terracon is informed and believes, and therefore alleges, that at the time of service of the Summons and Complaint, Plaintiff was a corporation incorporated under the laws of the State of Nevada. *See* Complaint at ¶ 1 - 3, attached as Exhibit A.

5. Defendant Terracon is informed and believes, and therefore alleges, that at the time of filing the Complaint, Co-Defendant Mark J. Owens., was and still is an individual who resides and does business in Clark County, Nevada. *See* Complaint at ¶ 6, attached as Exhibit A.

6. Defendant Terracon is informed and believes, and therefore alleges, that at the time of filing the Complaint, Co-Defendant JAMES E. McNUTT, was and still is an individual who resides and does business in Clark County, Nevada. *See* Complaint at ¶ 8, attached as Exhibit A.

7. Defendant Terracon is informed and believes, and therefore alleges, that at the time of filing the Complaint, Co-Defendants Mark J. Owens and James E. McNutt are not proper Defendants. Pursuant to Plaintiffs' Complaint, each Individual Defendants was

Page 2 of 4

employed by TCW, and was acting as an employee, agent, or representative of Terracon. See Complaint at 7 and 9, attached as Exhibit A. In addition, if a cause of action had existed, the time to sue Co-Defendants Mark J. Owens and James E. McNutt is barred by virtue of the statute of limitations. *See Miller v. Home Depot*, 199 F. Supp. 502, 510-514 (W.D. La. 2001); *Rainwater v. Lamar Life Insurance Company*, 246 F.Supp.2d 546 (S.D. Miss. 2003); *Russell Petroleum Corp. Environ Products, Inc.*, 333 F. Supp.2d 1228 (M.D. Ala. 2004). Plaintiffs allege that the fact of injury became known before May 1998, when compaction grouting was done by plaintiffs in an attempt to address the building's movement. *See* Complaint ¶¶ 23-24, attached as Exhibit A. Thus, on the face of Plaintiffs' Complaint the fact of injury was known to plaintiffs since May, 1998, and the limitations period had long since lapsed before the filing of this suit. It is apparent that Plaintiff has fraudulently joined Co-Defendants Mark J. Owens and James E. McNutt in order to defeat diversity jurisdiction. A plaintiff cannot fraudulently join a party simply to defeat removal jurisdiction. *Kruso v. International Telephone & Telegraph Corp.*, 872 F.2d 1416, 1424 (9th Cir. 1989).

8. Defendant Terracon will also timely file a Notice of Removal in Nevada District Court, County of Clark, a true and correct copy of which is attached as Exhibit B. Based on the foregoing, Defendant Terracon removes the above action now pending in the District Court, in and for the County of Clark, Nevada, as Case No. A492902, to this Court.

DATED this 28th day of October, 2004.

**PEEL, BRIMLEY & SPANGLER**

MICHAEL W. BRIMLEY, ESQ.
Nevada Bar No. 3684
DALE B. RYCRAFT JR, ESQ.
Nevada Bar No. 7165
701 N. Green Valley Parkway, Suite 220
Henderson, Nevada 89074-6178
Attorneys for
TERRACON CONSULTANTS WESTERN, INC.; TERRACON, INC.; MARK J. OWENS; and JAMES E. MCNUTT

Page 3 of 4

# CERTIFICATE OF MAILING

Pursuant to L.R. 5-1, I hereby certify that service of the foregoing was made this date by depositing a true copy of the same for mailing in Las Vegas, Nevada, addressed to each of the following:

> Dennis R. Haney, Esq.
> HANEY WOLOSON & MULLINS
> 1117 South Rancho Dr.
> Las Vegas, NV 89102
> Attorneys for Plaintiffs

DATED this 28th day of October 2004.

_____
An employee of Peel, Brimley & Spangler

# Exhibit A

Case 2:04-cv-01488-RCJ-PAL Document 1-2707321 Filed 10/28/04 Page 6 of 18

ORIGINAL

```
COMP
HANEY WOLOSON & MULLINS
DENNIS R. HANEY, ESQ.
Nevada Bar # 00016
1117 South Rancho Drive
Las Vegas, Nevada 89102
Telephone: (702) 474-7557
Facsimile: (702) 474-7009
Attorneys for PLAINTIFFS
```

FILED

Sep 30  12 25 PM '04

_____ CLERK

# DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| MANDALAY RESORT GROUP, fka CIRCUS CIRCUS ENTERPRISES, INC., a Nevada corporation; MANDALAY DEVELOPMENT, fka CIRCUS CIRCUS DEVELOPMENT CORP., a Nevada corporation; and MANDALAY CORP., a Nevada corporation, <br><br> Plaintiffs, <br><br> vs. <br><br> TERRACON CONSULTANTS WESTERN, INC., an Iowa corporation; TERRACON, INC., an Iowa corporation; MARK J. OWENS, an individual; JAMES E. McNUTT, an individual; and DOES 1 through 50, inclusive, <br><br> Defendants. | CASE NO.: A492902 <br> DEPT. NO.: XI <br><br> **COMPLAINT FOR DAMAGES** |

## COMPLAINT FOR DAMAGES

PLAINTIFFS, by and through their counsel, the law firm of Haney, Woloson & Mullins, complain against Defendants, and each of them, and allege as follows:

///

///

Page 1 of 9

N:\429-145\PX\Complaint for Damages(1).DOC

I

## PARTIES

1. Plaintiff MANDALAY RESORT GROUP, formerly known as CIRCUS CIRCUS ENTERPRISES, INC., is a corporation incorporated under the laws of the State of Nevada, with its principal place of business in Clark County, Nevada.

2. Plaintiff MANDALAY DEVELOPMENT, formerly known as CIRCUS CIRCUS DEVELOPMENT CORP., is a corporation incorporated under the laws of the State of Nevada, with its principal place of business in Clark County, Nevada, and it is a wholly-owned subsidiary of MANDALAY RESORT GROUP.

3. Plaintiff MANDALAY CORP. is a corporation incorporated under the laws of the State of Nevada, with its principal place of business in Clark County, Nevada, and it is a wholly-owned subsidiary of MANDALAY RESORT GROUP. Plaintiffs will be referred to collectively herein as "PLAINTIFFS" or "MANDALAY."

4. At all times relevant to this lawsuit, TERRACON CONSULTANTS WESTERN, INC. (hereinafter "TCW") was an Iowa corporation, which was transacting business and performing soils engineering services in Clark County, Nevada.

5. At all times relevant to this lawsuit, TERRACON, INC. (hereinafter "TERRACON") was an Iowa corporation, which was transacting business and performing soils engineering services in Clark County, Nevada.

6. At all times relevant to this lawsuit, MARK J. OWENS (hereinafter "OWENS") is an individual who resides and does business in Clark County, Nevada.

7. Upon information and belief, at all times relevant to this lawsuit, OWENS was employed by TCW, and was acting as an employee, agent, or representative of each other DEFENDANT and was acting with the knowledge and consent of each other DEFENDANT and within the purpose and scope of such employment, agency, or representation in doing or failing to do the things alleged in this Complaint.

8. At all times relevant to this lawsuit, JAMES E. McNUTT (hereinafter "McNUTT") is an individual who resides and does business in Clark County, Nevada.

9. Upon information and belief, at all times relevant hereto, McNutt was employed by TCW, and was acting as an employee, agent or representative of each other DEFENDANT and was acting with the

knowledge and consent of each other DEFENDANT and within the purpose and scope of such employment, agency, or representation in doing or failing to do the things alleged in this Complaint.

10. PLAINTIFFS do not know the true names and capacities of DEFENDANTS sued herein as DOES 1 through 50, inclusive, and therefore sue said DEFENDANTS by such fictitious names. PLAINTIFFS will amend this Complaint to state the true names and capacities of the fictitiously named DEFENDANTS when the same are ascertained. PLAINTIFFS are informed and believe and based thereon allege that each of the fictitiously named DEFENDANTS are legally responsible in some manner for the events and damages alleged in this Complaint under the causes of action stated herein.

11. PLAINTIFFS are informed and believe and based thereon allege that at all times mentioned herein, each of the DEFENDANTS was the reinsurer, agent, partner, joint venturer, associate and/or employee of one or more of the other DEFENDANTS and was acting in the course and scope of such agency, partnership, joint venture, association relationship and/or employment when the acts giving rise to the causes of action occurred.

II

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

12. At all times relevant to this lawsuit, PLAINTIFFS had an interest in the commercial property located at 3950 Las Vegas Boulevard South, Las Vegas, Nevada 89119.

13. Plaintiff MANDALAY DEVELOPMENT was at all times the managing general contractor for construction of the Mandalay Bay Resort and Casino (hereinafter the "PROPERTY"), and at all times relevant to this Complaint, Mandalay Development was a duly licensed general contractor in the State of Nevada.

14. Plaintiff MANDALAY RESORT GROUP is the sole shareholder of MANDALAY CORP. and MANDALAY DEVELOPMENT.

15. Plaintiff MANDALAY CORP. is the owner and operator of the Mandalay Bay Resort and Casino.

16. On or about March 4, 1996, MANDALAY DEVELOPMENT and TCW entered into a written contract (the "AGREEMENT"). Pursuant to the AGREEMENT, DEFENDANTS were to provide certain geotechnical engineering services, including a geotechnical exploration for construction of a casino/resort on the PROPERTY.

17. Upon information and belief, OWENS is a professional engineer and performed work on the PROPERTY pursuant to the AGREEMENT between the parties.

18. Upon information and belief, McNUTT is a professional engineer and performed work on the PROPERTY pursuant to the AGREEMENT between the parties.

19. On or about November 26, 1996, DEFENDANTS, and each of them, submitted a geotechnical exploration report (the "REPORT") to PLAINTIFFS, which provided information and geotechnical engineering recommendations relative to the following:

- Subsurface soil conditions
- General geology of the area
- Foundation design and construction
- Retaining wall design and construction
- Floor slab design and construction
- Pavement design and construction
- Earthwork
- Utility trench backfill

In the REPORT, DEFENDANTS, and each of them, recommended a mat-type foundation for THE PROPERTY's structures. DEFENDANTS, and each of them, further opined that the "maximum ultimate settlement of the hotel towers supported by mat foundations as recommended, should not exceed 3 ½ to 4 ½ inches."

20. Construction commenced, on or about April, 1997. From the commencement of construction, and thereafter, PLAINTIFFS relied upon the findings and recommendations contained in the REPORT.

21. During the course of construction of the PROPERTY in 1998, excessive movement of the earth beneath the building foundation occurred, ultimately resulting in subsidence, settlement, deflection and twisting of the structures well above the design tolerances.

22. During construction of the tower at the PROPERTY, the structure subsided over eighteen (18) inches or five (5) times the amount than predicted by DEFENDANTS based on their engineering analysis. The excessive movement downward caused substantial damage to the structures and hotel rooms.

23. Because of imminent threat to the structural integrity of the structures and the consequent business interruption, which would occur without appropriate protection and preservation of the PROPERTY,

1. PLAINTIFFS, after consultation with geological, structural and other experts, commenced to protect and preserve the PROPERTY through the use of compaction grouting in May of 1998, followed by the installation of a micro-pile system under the high-rise tower on the PROPERTY, which ultimately terminated the excessive movement and settlement.

24. At all times relevant hereto, the County of Clark, Nevada, in the exercise of its health, safety and welfare, and police powers over PLAINTIFFS, required PLAINTIFFS to undertake appropriate steps to assure the safety and integrity of the PROPERTY, including the compaction grouting and ultimately the installation of the micro-pile system.

25. The buildings on the PROPERTY were substantially completed on March 2, 1999. However, as a condition of occupancy, the Building Department for the County of Clark, Nevada required constant monitoring of the structure for movement.

26. As a proximate result of the excessive movement, subsidence, settlement, deflection and twisting of the buildings on the PROPERTY, PLAINTIFFS had to retain subcontractors and other trades and professions to arrest and correct this condition at substantial cost.

III

## FIRST CLAIM FOR RELIEF
## (BREACH OF CONTRACT)

27. PLAINTIFFS refer to, repeat and reallege each of the allegations in Paragraphs 1 through 26 of this Complaint and incorporate said allegations into the First Claim for Relief as though fully set forth herein.

28. PLAINTIFFS have performed each and every obligation required of them under the AGREEMENT that was entered into between the MANDALAY DEVELOPMENT and TCW.

29. DEFENDANTS have breached the AGREEMENT by, among other things, providing inadequate and/or substandard work and/or materials, including, but not limited to, the following:

- Failing to take an adequate number of soils borings at sufficient depths in order to understand the soils condition at the site;
- Failing to take soils borings within the footprint of the proposed site of the casino/resort; and
- Recommending a design of the foundation which was inadequate given the soils condition at the site;

- Recommending a repair method that was susceptible of causing further earth movement below the foundation of the casino/resort.

30. DEFENDANTS' breaches have resulted in a variety of defects with the subject PROPERTY including, but not necessarily limited to, excessive earth movement under the foundation of the casino resort.

31. As a direct and proximate result of the material breaches by DEFENDANTS, and each of them, PLAINTIFFS have suffered direct and consequential damages in an amount in excess of $10,000.00.

32. DEFENDANT'S breaches amount to a breach of the covenant of good faith and fair dealing that is implied into every contract.

33. PLAINTIFFS have been forced to retain the services of counsel, and are entitled to an award of attorneys' fees and costs from DEFENDANTS.

IV

## SECOND CLAIM FOR RELIEF
### (BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING)
### (AGAINST ALL DEFENDANTS)

34. PLAINTIFFS refer to, repeat, and reallege each of the allegations in Paragraphs 1 through 33 of this Complaint and incorporate said allegations into the Second Claim for Relief as though fully set forth herein.

35. The AGREEMENT between MANDALAY DEVELOPMENT and TCW contains and implied covenant of good faith and fair dealing.

36. DEFENDANTS breached the covenant of good faith and fair dealing, by, among other things, providing inadequate and/or substandard work and/or materials, and recommending a repair method that was susceptible of causing further earth movement below the foundation of the casino/resort.

37. As a direct and proximate result of the material breaches of the AGREEMENT by DEFENDANTS, PLANTIFFS suffered direct and consequential damages in excess of $10,000.00.

38. PLAINTIFFS have been forced to retain the services of counsel to prosecute this action and are entitled to an award of attorneys' fees and costs from DEFENDANTS.

///
///

N:\1429-145\PX\Complaint for Damages(1).DOC

IV

## THIRD CLAIM FOR RELIEF
## (NEGLIGENCE)
## (AGAINST ALL DEFENDANTS)

39. PLAINTIFFS refer to, repeat, and reallege each of the allegations in Paragraphs 1 through 38 of this Complaint and incorporate said allegations into this Third Claim for Relief as though fully set forth herein.

40. PLAINTIFFS are informed and believe and thereupon allege that DEFENDANTS, and each of them, including DOES 1 through 50, were and are builders, contractors, and/or engineers, or other persons, entities or professionals who participated in the process of design, engineering, and/or construction of and/or repair to the subject structures on the PROPERTY, and who performed works of labor, supplied materials, equipment and/or services necessary for the building and construction, including supervision of construction of the Project with the knowledge that the units would be used by members of the public. In so doing, said DEFENDANTS, and each of them, in the capacity as builder, engineer, or otherwise, caused the subject premises and subject structures to be designed, engineered and/or constructed through their own works of labor, their supplying of materials, equipment and services, and through causing other contractors and subcontractors, including other DEFENDANTS, and each of them, to perform works of labor, to supply materials, equipment and services in order to properly complete the subject property and subject structures so that it could be used by members of the public.

41. PLAINTIFFS are informed and believe and thereupon allege that DEFENDANTS, and each of them, whether builder, contractor, engineer or otherwise, negligently, carelessly, tortuously, and wrongfully failed to use reasonable care in the construction of the PROPERTY as alleged herein.

42. PLAINTIFFS are informed and believe and thereupon allege that DEFENDANTS, and each of them, whether builder, contractor, engineer or otherwise, performed work, labor and/or services upon the subject premises and subject structure, and each knew or should have known that if the subject structure and subject premises were not properly or adequately designed, engineered, supervised and/or constructed, that the owners and users would be substantially damaged thereby, and that the subject structures would be defective and not of merchantable quality. Likewise, said DEFENDANTS, and each of them, knew or reasonably should have known that if the real property and structures and improvements thereon including, but not

N:\ 439-145\PX\Complaint for Damages(1).DOC

limited to, the above-described defective conditions were not adequately designed, engineered, constructed or installed, the owners and users would be substantially damaged thereby and the subject structures would be defective and not of merchantable quality.

43. The DEFENDANTS, and each of them, named herein were under a duty to exercise ordinary care as builder, contractor, engineer or otherwise to avoid reasonably foreseeable injury to users of the subject premises and subject structures, and knew or should have foreseen with reasonable certainty that users would suffer the monetary damages set forth herein if said DEFENDANTS, and each of them, failed to perform their duty to cause the subject premises and subject structures to be designed, engineered and completed in a proper and workmanlike manner and fashion.

44. In performing the works of a builder and/or contractor, engineer or otherwise, said DEFENDANTS, and each of them, filed and neglected to perform the work, labor and services properly or adequately in that each said DEFENDANT so negligently, carelessly and in an unworkmanlike manner performed the aforesaid work, labor and/or services such that the subject premises and subject structures as described herein were designed, engineered and/or constructed improperly, negligently, carelessly and/or in an unworkmanlike manner.

45. As a direct and proximate result of the foregoing negligence, carelessness and unworkmanlike conduct, actions and/or omissions by said DEFENDANTS, and each of them, PLAINTIFFS have suffered damages in amounts according to proof at trial.

46. PLAINTIFFS have been forced to retain the services of counsel, and are entitled to an award of reasonable attorneys' fees and costs incurred in this matter.

W H E R E F O R E, PLAINTIFFS pray for judgment as follows:

1. For compensatory, incidental and consequential damages in excess of $10,000.00;
2. For prejudgment interest;
3. For an award of attorneys' fees;
4. For costs and expenses incurred herein; and

///

///



5. For such other and further relief this Court deems just and appropriate under the circumstances.

Dated this 29th day of September, 2004.

                                      HANEY WOLOSON & MULLINS

BY: _____
       DENNIS R. HANEY
       Nevada Bar # 000016
       1117 South Rancho Drive
       Las Vegas, Nevada 89102
       Telephone: (702) 474-7557
       FAX: (702) 474-7009
       **Attorneys for PLAINTIFFS**

N:\1429-145\PX\Complaint for Damages(1).DOC

# Exhibit B

NOTC
MICHAEL W. BRIMLEY, ESQ.
Nevada Bar No. 3684
DALE B. RYCRAFT JR, ESQ.
Nevada Bar No. 7165
**PEEL, BRIMLEY & SPANGLER**
701 N. Green Valley Parkway, Suite 220
Henderson, Nevada 89074-6178
(702) 990-7272
Attorneys for
TERRACON CONSULTANTS WESTERN, INC.;
TERRACON, INC.; MARK J. OWENS;
and JAMES E. MCNUTT

## DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| MANDALAY RESORT GROUP, fka CIRCUS CIRCUS ENTERPRISES, INC., a Nevada corporation; MANDALAY DEVELOPMENT, fka CIRCUS CIRCUS DEVELOPMENT CORP., a Nevada corporation; and MANDALAY CORP., a Nevada corporation, <br><br> Plaintiffs, <br><br> v. <br><br> TERRACON CONSULTANTS WESTERN, INC., an Iowa corporation; TERRACON, INC. an Iowa corporation; MARK J. OWENS, an individual; JAMES E. MCNUTT, an individual; and DOES 1 through 50, inclusive, <br><br> Defendants. | CASE NO.: A492902 <br> DEPT. NO.: XI <br><br> **NOTICE OF REMOVAL OF CIVIL ACTION** |

COMES NOW, TERRACON, INC. (incorrectly identified above as Terracon Consultants Western, Inc..), MARK J. OWENS and JAMES E. MCNUTT (collectively "Defendants") in the above-styled action, and pursuant to 28 U.S.C. § 1446(d), hereby notifies that the Defendants have filed a petition for the removal of the above-styled action to the United States District Court of Nevada. A copy of said Petition of Removal of Civil Action is attached hereto has Exhibit "A".

By operation of law, the case is now removed and all further proceedings in the District Court of Clark County, Nevada are stayed.

DATED this 28th day of October, 2004.

PEEL, BRIMLEY & SPANGLER

/s/ Dale B. Rycraft
MICHAEL W. BRIMLEY, ESQ.
Nevada Bar No. 3684
DALE B. RYCRAFT JR. ESQ.
Nevada Bar No. 7165
701 N. Green Valley Parkway, Suite 220
Henderson, Nevada 89074-6178
Attorneys for
TERRACON CONSULTANTS WESTERN,
INC.; TERRACON, INC.; MARK I. OWENS;
and JAMES E. MCNUTT

## CERTIFICATE OF MAILING

Pursuant to Nevada Rule of Civil Procedure 5(b), I hereby certify that service of the foregoing was made this date by depositing a true copy of the same for mailing in Las Vegas, Nevada, addressed to each of the following:

> Dennis R. Haney, Esq.
> HANEY WOLOSON & MULLINS
> 1117 South Rancho Dr.
> Las Vegas, NV 89102
> Attorneys for Plaintiffs

DATED this 28th day of October 2004.

_____
An employee of Peel, Brimley & Spangler

Page 3 of 3