Gregory S. Gilbert, Nevada Bar No. 6310
Sean D. Thueson, Nevada Nar No. 8690
HOLLAND & HART LLP
3800 Howard Hughes Pkwy., 10th Floor
Las Vegas, Nevada 89169
Telephone: 702-669-4600
Facsimile: 702-669-4650

-and-

Thomas R. Buchanan
*Admitted Pro Hac Vice*
McDOWELL, RICE, SMITH & BUCHANAN
605 West 47th, Suite 350
Kansas City, MO 64112
Telephone: 816-753-5400
Facsimile: 816-753-9996

*Attorneys for Defendants
Terracon Consultants Western, Inc.;
and Terracon, Inc.*

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEVADA

| | |
|---|---|
| MANDALAY RESORT GROUP, fka CIRCUS CIRCUS ENTERPRISES, INC. a Nevada corporation; MANDALAY DEVELOPMENT, fka CIRCUS CIRCUS DEVELOPMENT CORP., a Nevada corporation; and MANDALAY CORP., a Nevada corporation,<br><br>Plaintiff,<br><br>v.<br><br>TERRACON CONSULTANTS WESTERN, INC., an Iowa corporation; TERRACON, INC., an Iowa corporation; and DOES 1 through 50, inclusive,<br><br>Defendant.<br><br>AND ALL RELATED ACTIONS | CASE NO. 2:04-cv-1488-RCJ-PAL<br><br>**RENEWED MOTION FOR SUMMARY JUDGMENT AND SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>DATE: N/A<br>TIME: N/A |

Defendants Terracon Consultants Western, Inc. and Terracon, Inc., (hereinafter "Terracon"), by and through undersigned counsel, hereby renews its Motion for Summary Judgment (Doc. # 32) and its Motion for Partial Summary Judgment on the Economic Loss Doctrine and the Limitation of

1

Liability Clause (Doc. #33), and moves the Court to enter summary judgment against Plaintiff Mandalay Resort Group, fka Circus Circus Enterprises, Inc., Mandalay Development fka Circus Circus Development Corp. and Mandalay Corp. (collectively "Plaintiff") based on the doctrine of judicial estoppel and/or to enter summary judgment against Plaintiff on its tort claims based on the Nevada Supreme Court's interpretation of the economic loss doctrine and to enter judgment as a matter of law that Terracon's liability to Plaintiff in this case is limited to $50,000.00.

These Renewed Motions are based upon the Memorandum of Points and Authorities submitted with Terracon's Motion for Summary Judgment (Doc. #32), the Memorandum of Points and Authorities submitted with Terracon's Motion for Partial Summary Judgment (Doc. #33), and the Reply Memorandum of Points and Authorities to that Motion (Doc. #56), and all supporting documentation, the pleadings and papers on file herein, and any oral argument this Court may allow.

## MEMORANDUM OF POINTS AND AUTHORITIES

### Summary of Proceedings And Status of Motions

1. On April 20, 2005, Terracon filed its Motion for Summary Judgment on the basis of Judicial Estoppel (Doc. #32) ("Judicial Estoppel Motion"). Terracon sought judgment against Plaintiff based on inconsistent positions taken by Plaintiff under oath in prior court proceedings against Plaintiff's insurance carrier, during which Plaintiff's representatives and experts testified Terracon's work at the project was not defective or deficient. Based upon those sworn statements, Plaintiff was able to successfully obtain millions of dollars in payment from its insurance company. Accordingly, Terracon requested the Court apply the doctrine of judicial estoppel to bar Plaintiff from taking the exact opposite position in this lawsuit against Terracon. (*Id*).

2. On April 21, 2005, Terracon filed its Motion for Partial Summary Judgment on the Economic Loss Doctrine and the Limitation of Liability Clause (Doc #33) ("Terracon's Motion for Partial Summary Judgment"). Terracon sought summary judgment on the following claims or issues:

   a. Terracon sought summary judgment on Plaintiff's tort claims based upon the application of the economic loss doctrine. (Doc. #33).

   b. Terracon sought summary judgment that the limitation of liability provision contained within Terracon's contract was valid and enforceable and limited Terracon's liability to Plaintiff on this project to $50,000.00. (Doc. #33).

3. On June 13, 2005, the Court heard oral arguments on Terracon's Motion for Partial Summary Judgment. (Doc. #57).

4. On February 21, 2006, the Court entered an Order denying, without prejudice, Terracon's Motion for Partial Summary Judgment pending resolution of the issue of certification of questions to the Nevada Supreme Court. (Doc. #88).

5. On March 22, 2006, the Court clarified its Minutes of Court from the June 13, 2005, hearing to state that the Court made no ruling as to Terracon's Judicial Estoppel Motion and that the Court took that issue under submission. (Doc. # 95). No ruling has been made on Terracon's Judicial Estoppel Motion. For the reasons set forth in the Judicial Estoppel Motion and relating Memorandum of Points and Authorities, Terracon respectfully requests this Court enter summary judgment against Plaintiff on all claims based on the doctrine of judicial estoppel.

6. On March 30, 2009, the Nevada Supreme Court answered the question certified by this Court, finding the economic loss doctrine applies to bar tort claims against design professionals in the commercial construction context. Accordingly, Terracon's Motion for Partial Summary Judgment, as it pertains to the bar of tort claims based upon the economic loss doctrine, should now be granted.

7. Terracon also renews its Motion for Partial Summary Judgment as to the enforceability of the limitation of liability provision within Terracon's contract. Terracon reasserts the facts, evidence, and arguments contained in its Motion for Partial Summary Judgment and related Memorandum of Points and Authorities as though fully set forth here. For the reasons set forth in the Motion for partial Summary Judgment, as well as those set forth below, Terracon respectfully requests this Court enter summary judgment that Terracon's total liability to Plaintiff for work performed on this project is limited to $50,000.00.

///

///

## SUPPLEMENTAL ARGUMENTS AND AUTHORITIES ON ENFORCEABILITY OF TERRACON'S LIMITATION OF LIABILITY CLAUSE

Because the Nevada Supreme Court has now definitively answered that Plaintiff cannot recover economic losses in tort arising from the project, Plaintiff must rely upon its contractual remedies as set forth in the agreements between the parties. Nevada law enforces bargained-for limitation of liability provisions contained in arms' length contracts, particular where, as here, the contracting parties are sophisticated commercial entities. *See Bernstein v. GTE Directories*, 631 F. Supp. 1551, 1553 (D. Nev. 1986). Therefore, if Plaintiff entered into a contract with Terracon that contains a limitation of liability provision, such provision should be enforced as a matter of law. It is uncontroverted that Plaintiff entered into a contract with Terracon on this project that contains a valid and enforceable limitation of liability provision. Terracon presented substantial evidence supporting these facts in its Motion for Partial Summary Judgment, which Plaintiff wholly failed to controvert.

Plaintiff made a binding judicial admission in its Complaint that the parties reached a written contract for Terracon's services at the project based upon Terracon's March 4, 1996 Proposal. (Complaint, ¶16; Answer, ¶16). Terracon's March 4, 1996 Proposal, and the subsequent proposals modifying price, contained Terracon's standard Terms and Conditions, which included a limitation of liability provision limiting Terracon's liability in connection with its services on the project to $50,000.00. (*See* Exhibit 1 to Motion). Although Plaintiff did not sign Terracon's March 4, 1996 proposal, Plaintiff's subsequently directed Terracon to proceed to perform its services on the project in accordance with this contract. (*Id*). As such, Plaintiff accepted the terms of Terracon's March 4, 1996 proposal by its performance. It is uncontroverted that Terracon performed all of the services described in its written proposals at the locations and to the depths described in those written proposals. It is uncontroverted that Terracon billed Plaintiff pursuant to the written proposals and that Plaintiff paid Terracon in accordance with Terracon's written proposals. The parties' course of dealing and full performance of Terracon's March 4, 1996 and March 22, 1996 proposals demonstrates there was a valid, enforceable agreement between the parties. *See J.A. Jones Construction Co. v. Plumbers and Pipefitters Local 598*, 568 F.2d 1292,

4

1294-95 (9th Cir. 1978) (holding valid written contract signed by only one party, but fully recognized and acted upon by both, is binding).

Plaintiff cannot avoid the contract or its restrictions simply by claiming Plaintiff did not sign the contract. Pursuant to N.R.S. 78.135, "any contract . . . otherwise lawful, made in the name of a corporation, which is authorized or ratified by the directors, or is done within the scope of the authority, actual or apparent, given by the directors, binds the corporation . . . whether the contract is signed or is wholly or in part executory." *See also Lorenz v. Beltio, Ltd.*, 114 Nev. 795, 963 P.2d 488 (1998) (holding corporation bound by contract ratified by directors). Therefore, when Plaintiff's representatives, with either actual or apparent authority, instructed Terracon to perform the work identified in the March 4, 1996 and March 22, 1996 proposals, Plaintiff authorized or ratified Terracon's contract—including the limitation of liability provision—and Plaintiff is bound by that contract even though it is unsigned. This is wholly consistent with the prior relationships and contracts between these parties. Plaintiff admits it had, before this project, entered into another contract with Terracon, which contained a similar limitation of liability provision. Consistent with its actions on this project, Plaintiff admits it did not sign the prior contract with Terracon, but accepted the contract by authorizing Terracon to perform the work identified in the written proposal. (See Opposition, Doc. # 46, p. 17 and Exhibit 9 thereto).

For all of these reasons, as well as those set forth in Terracon's Motion for Partial Summary Judgment (Doc. #33) and Reply Memorandum (Doc. #56), Terracon is entitled to judgment as a matter of law that its liability to Plaintiff for any work performed on this project is limited to $50,000.00.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

5

## CONCLUSION

For these reasons, Terracon respectfully request this Court enter summary judgment for Terracon on all of Plaintiff's claims pursuant to Terracon's Motion for Summary judgment (Doc. #32), or enter summary judgment on all of Plaintiff's tort based claims based on the economic loss doctrine pursuant to Terracon's Motion for Partial Summary Judgment (Doc. #33), and enter summary judgment finding Terracon's total liability to Plaintiff for any work performed by Terracon on this project is limited to $50,000.00, and for such other and further relief as this Court deems just and proper.

DATED this 16th day of April 2009.

HOLLAND & HART LLP and McDOWELL, RICE, SMITH & BUCHANAN

By_____
Gregory S. Gilbert, Nevada Bar No. 6310
Sean D. Thueson, Nevada Nar No. 8690
3800 Howard Hughes Pkwy., 10th Floor
Las Vegas, Nevada 89169
Telephone: 702-669-4600
Facsimile: 702-669-4650

-and-

Thomas R. Buchanan
*Admitted Pro Hac Vice*
605 West 47th, Suite 350
Kansas City, MO 64112
Telephone: 816-753-5400
Facsimile: 816-753-9996
Attorneys for Defendants
Terracon Consultants Western, Inc.;
and Terracon, Inc.

## CERTIFICATE OF SERVICE

Pursuant to Nev. R. Civ. P. 5(b), I hereby certify that service of the foregoing **RENEWED MOTION FOR SUMMARY JUDGMENT AND SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT** was made this 16th day of April 2009, by depositing a true copy of the same for mailing at Las Vegas, Nevada, addressed to each of the following:

Jean A Weil, Esq.
John T. Wendland, Esq.
WEIL & DRAGE, APC
2500 West Sahara Avenue; Suite 106
Las Vegas, NV 89102
702-314-1909 Fax
*Attorneys for Third-Party Defendants
Lochsa, LLC and Klai-Juba Architects, Ltd.*

Dennis R. Haney, Esq.
Stefanie R. Shields, Esq.
HANEY, WOLOSON & MULLINS
1117 South Rancho Drive
Las Vegas, NV 89102
702-474-7009 Fax
*Attorneys for Plaintiff
Mandalay Report Group f/k/a
Circus Circus Enterprises, Inc.*

David R. Lira, Esq.
Shahram Shayesteh, Esq.
GIRARDI & KEESE
1126 Wilshire Blvd.
Los Angeles, CA 90017
213-481-1554 Fax
*Attorneys for Plaintiff
Mandalay Report Group f/k/a
Circus Circus Enterprises, Inc.*

Afshin Tadayon, Esq.
BENNION CLAYSON MARIAS & HAIRE
1140 North Town Center Drive
Suite 200
Las Vegas, NV 89144
702-233-9665 Fax
*Attorneys for Third-Party Defendant
The Pressure Grout Company*

/s/ Larrine J. Rellersa
An employee of Holland & Hart LLP

4496672_1